**In the Matter of The ESTATE OF Clara P. KOCH, Deceased.**

**No. 39711.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 16, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Paul Brackman, Stefan J. Glynias, Clayton, for appellant.

Jules Q. Strong, Dale Reabon, St. Louis, for respondent.

PER CURIAM.

*MEMORANDUM OPINION*

David P. Oetting, a legatee under the Will of Clara P. Koch, Deceased, appeals from a judgment of the Circuit Court of the City of St. Louis whereby his exceptions to the Final Settlement and Order of Distribution, filed by the executors of the estate in the Probate Court of the City of St. Louis, were denied in part and sustained in part.

The judgment of the Circuit Court determined that Mr. Oetting's devise was subject to an apportioned share of the federal estate tax assessed against the estate and that this share was to be deducted from the devise to him. It also held that his devise was not subject to deductions for cost of administration of the estate and therefore no deduction for costs of administration was to be made from his devise. The judgment provided further that his devise was not subject to an assessment of the amount of the Missouri inheritance tax, but was to be assessed on the devise less his statutory exemption and a deduction for the federal estate taxes apportioned against his devise. The Missouri inheritance tax appraiser was ordered to file an amended report in accordance with the judgment and the executors of the estate of Mrs. Koch were ordered to file an amended petition for Order of Distribution in the Probate Court of the City of St. Louis in accordance with the judgment after the inheritance tax appraiser had made his amended report.

On appeal Mr. Oetting contends that the trial court erred in its interpretation of the will of Mrs. Koch in that, (1) it ignored the direction contained in Article II thereof that all such taxes be paid out of the balance of residue of her estate, (2) in misinterpreting (a) a clear direction as to the priority of payments contained in Article IV of the Will, (b) the clause "subject to" contained in Article IV of the Will, (c) the purported "exclusion" of Mildred Koch's general bequest from the payment of Missouri inheritance taxes and federal estate taxes, and (d) the Article VI residuary clause in relation to the payment of federal estate taxes and the Missouri inheritance tax.[1]

---

1. Appellant presented two further Points Relied On. These are: "The Circuit Court erred in applying the doctrine of equitable apportionment to the instant case. In the event said doctrine is appropriate, the court misinterpreted it and applied it incorrectly;" and "The Circuit Court erred in failing to sustain appellant's argument that the co-executors are es-

Pursuant to the authority of Rule 84.16(a) we enter this Memorandum Opinion because we have determined that no error of law appears because the trial court correctly interpreted the applicable provisions of the Last Will and Testament of Clara Koch, deceased, when the entire will is read in context. *In re Estate of Wahlin*, 505 S.W.2d 99, 107[6] (Mo.App.1973). We have further determined that an opinion would have no precedential value. We affirm the judgment of the trial court.

All Judges concur.

topped from propounding a distributive scheme as is contained in their petition for order of final distribution by prior positions they have taken regarding the issue of the payment of taxes." They did not comply with the requirements of Rule 84.04(d) and do not therefore preserve anything for review in this court.